- i -

Eric A. LaGuardia (SBN 272791)
**LAGUARDIA LAW**
3245 University Ave, #1
San Diego, CA 92104
Tel.  (619) 655-4322
Fax.  (619) 655-4344
eal@laguardialaw.com

Attorneys for Plaintiff,
JOHN ANDREYO

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANDREYO, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>RELIANT CAPITAL SOLUTIONS, LLC,<br><br>　　　　Defendant. | Case No.:　'16CV0655 W    JMA<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Andreyo v. Reliant Capital Colutions, LLC

## INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); and the California Rosenthal Act, Civil Code § 1788 *et seq.* ("Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Defendant's violations were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. Through this complaint, Plaintiff does not allege any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek through this complaint to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. Because Defendant does business within the State of California, personal jurisdiction is established.

9. Because a substantial part of the events or omissions giving rise to the claim occurred in San Diego County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

///
///

## PARTIES

10. Plaintiff, JOHN ANDREYO, ("Plaintiff"), is a natural person residing in the County of San Diego, and State of California.

11. Plaintiff is a consumer as defined by both the Federal Fair Debt Collection Practices Act and the California Rosenthal Act.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Plaintiff is a natural person from whom debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant RELIANT CAPITAL SOLUTIONS, LLC, ("RELIANT" or "Defendant"), is a company doing business in California operating from an address at 750 CROSS POINTE ROAD, SUITE G, GAHANNA OH 43230, United States.

15. Defendant uses an instrumentality of interstate commerce or the mails in business, the principal purpose of which is the collection of debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

16. Defendant, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

///

# FACTUAL ALLEGATIONS

18. Sometime before January 1, 2015, Plaintiff is alleged to have incurred certain financial obligations.

19. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, but before January 1, 2015, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

22. Subsequently, but before January 1, 2015, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

23. Subsequently, on several occasions, Plaintiff spoke with Defendant during multiple telephone calls regarding the alleged debt. Each telephone is a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

24. During the telephone calls with Defendant, Plaintiff told Defendant that Plaintiff wanted to exercise his right to initiate official rehabilitation of his alleged debt, which is a student loan.

25. Defendant refused to initiate rehabilitation of Plaintiff's alleged debt and told Plaintiff that Defendant could not initiate rehabilitation without authorization from the original creditor for the alleged debt.

26. Through the conduct described above, Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. §1692e(10).

///

27. Through the conduct described above, Defendant made materially false representations concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

28. Through the conduct described above, Defendant made false representations of a service rendered or compensation which may be lawfully received concerning the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(B).

29. Because the conduct described above violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

30. On or about March 13, 2015, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

31. On or about March 16, 2015, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

32. On or about April 7, 2015, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

33. Each of these letters described above was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

34. Despite Plaintiff, as well as the original creditor for the alleged debt, both expressly requesting Defendant initiate rehabilitation of Plaintiff's alleged debt, Defendant failed to acknowledge or confirm Plaintiff's rehabilitation request or Defendant's verbal agreement to initiate rehabilitation through nine consecutive on-time payments, instead labeling what should be Plaintiff and Defendant's rehabilitation agreement as a "payment arrangement" in Defendant's March 16, 2015 letter to Plaintiff.

///

35. Defendant's letters described above materially misrepresented: the amount Plaintiff owed for the alleged debt; the number, amount, and dates of payments Plaintiff made to Defendant for the alleged debt; and agreements made between Plaintiff and Defendant regarding rehabilitation of the alleged debt.

36. Defendant's letters attempted to collect more than Plaintiff owes as provided by contract or law.

37. Through the conduct described above, Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. §1692e(10).

38. Through the conduct described above, Defendant made materially false representations concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

39. Through the conduct described above, Defendant made false representations of a service rendered or compensation which may be lawfully received concerning the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(B).

40. Through the conduct described above, Defendant was attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

41. Because the conduct described above violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

///
///
///

# CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

42. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT (ROSENTHAL ACT)

## CAL. CIV. CODE §§ 1788-1788.32

45. Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

46. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

47. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

///

## COUNT III
## NEGLIGENCE

48. Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

49. Defendant's outrageous and intrusive acts as described herein constituted negligence.

50. Defendant negligently inflicted emotional distress, aggravation, anxiety and financial harm to Plaintiff.

51. Defendant breached a duty imposed and failed to exercise ordinary care.

52. Defendant owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code §1788 *et seq.* and Title 15 USC 1692 *et seq.*).

53. The breach of such duty proximately caused injury to Plaintiff.

54. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff from.

55. Plaintiff is a member of the class of persons the statutes were designed to protect.

56. Defendant's conduct, as described herein, was wrongful conduct in that Defendant conducted its business in an abusive, oppressive, and harassing manner.

57. Defendant negligently trained, supervised, and retained, its employees and agents.

58. Defendant's wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress, anxiety and aggravation in that the Defendant's wrongful conduct has caused harm as described above.

59. It is clearly foreseeable that Defendant's actions as described herein could cause harm, including severe and serious emotional distress.

60. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial. Defendant's wrongful

1  conduct as described herein actually and proximately caused the Plaintiff's harm as
2  noted above.
3  61.   Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to
4  punitive damages in an amount to be determined at trial. Defendant acted in a
5  despicable manner and acted with a conscious disregard to the rights of Plaintiff.

## PRAYER FOR RELIEF

62.   WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).
- An award of punitive damages.
- Any other relief that the court deems proper.

## DEMAND FOR JURY TRIAL

63.   Plaintiff, JOHN ANDREYO, by and through his attorney, Eric LaGuardia, hereby demands a trial by jury in the above-captioned matter.

Dated: **March 16, 2016**            LAGUARDIA LAW

s/Eric A. LaGuardia
Eric A. LaGuardia
Attorneys for Plaintiff
JOHN ANDREYO